IN THE

# United States Court of Appeals

FOR THE SEVENTH CIRCUIT

*No. 15-3770*

UNITED STATES OF AMERICA,
Plaintiff-Appellee

v.

JARED S. FOGLE,
Defendant-Appellant

Appeal From the Judgment in A Criminal Case
in the United States District Court,
Southern District of Indiana, Indianapolis Division
The Honorable Tanya Walton Pratt, Judge
District Court Action No. 1:15-cr-00159-TWP-MJD-1

## REPLY BRIEF OF DEFENDANT-APPELLANT JARED S. FOGLE

Ronald E. Elberger, #6675-49
[*Counsel of Record*]
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5195
(317) 223-0195 (FAX)
relberger@boselaw.com

***Attorney for Defendant-Appellant Jared S. Fogle***

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ... iii

SUMMARY OF THE ARGUMENT ... 1

ARGUMENT ... 2

I. The District Court's Above-Guidelines Sentence Is Procedurally Flawed ... 2

A. The Government's two "housekeeping" points do not undermine Fogle's arguments on appeal ... 2

B. The Government misconstrues Fogle's procedural arguments ... 4

(1) The District Court did not adequately explain that Fogle was not sentenced for the production of child pornography ... 4

(2) The District Court's sentence is erroneously grounded in acts that Fogle "didn't do" and in Fogle's "fantasies" ... 6

(3) The District Court punished Fogle for collecting and viewing pornography of children as young as six years old ... 8

II. The District Court's Above-Guidelines Sentence Is Substantively Unreasonable ... 9

A. The Government largely ignored Fogle's arguments ... 9

B. The District Court's dislike of Fogle's unsuccessful attempts to transform his fantasies into realities is not a sentencing justification ... 12

CONCLUSION ... 13

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(A)(7) ... 14

CERTIFICATE OF SERVICE ... 15

# TABLE OF AUTHORITIES

**Page**

## CASES

Blakely v. Washington,
542 U.S. 296 (2004) ........................................ 3, 7

United States v. Bradley,
675 F.3d 1021 (7th Cir. 2012) ........................................ 11, 12

United States v. Higdon,
531 F.3d 561 (7th Cir. 2008) ........................................ 12

United States v. Omole,
523 F.3d 691 (7th Cir.2008) ........................................ 11, 13

United States v. Scott,
555 F.3d 605 (7th Cir. 2009) ........................................ 4, 6, 8

United States v. Valle,
807 F.3d 508 (2d Cir. 2015) ........................................ 3, 12

## RULES

Fed. R. App. P. 32(a)(7) ........................................ 14

## SUMMARY OF THE ARGUMENT

The Government largely misconstrues Fogle's arguments on appeal. As for Fogle's procedural error argument, Fogle contends that the District Court likely based its enhanced sentence on Taylor's production of child pornography, but Fogle also argues that the District Court did not adequately explain that it did not do so. Additionally, the Government discounts Fogle's argument that he was erroneously sentenced for acts that he "didn't do" and for his "fantasies" by contending that Fogle's unsuccessful attempts to have sex with young children were not "fantasies." Even if true, it's irrelevant. Fogle never succeeded in these attempts which should not have formed the basis for an enhanced sentence, which was the District Court's written basis for deviating upward from the Guidelines. (Statement of Reasons, [Dkt.#79] at page 3.) The District Court also erroneously sentenced Fogle based on its belief that Fogle was collecting pornography from the internet that depicted children as young as six years old. The record does not support this fact.

As for substantive error, the Government conveniently ignores Fogle's arguments on appeal and instead recites a number of facts that the U.S. Attorney was well aware of when it agreed to a maximum sentence that was three years shorter than what the District Court imposed on Fogle. The Government cannot square the District Court's enhanced sentence with this record, except to resort to the District Court's discussion of Fogle's obsession with child pornography and his unsuccessful attempts to have sex with young children, which should not have served as a basis to punish Fogle. This Court should find that the District Court abused its discretion

in imposing an above-Guidelines unreasonable sentence on Fogle and remand for re-sentencing.

## ARGUMENT

### I. The District Court's Above-Guidelines Sentence Is Procedurally Flawed

Before addressing Fogle's specific arguments, the Government addresses "two points of housekeeping" that it claims have undermined Fogle's argument on appeal. (Gov't Br. 16.)

#### A. The Government's two "housekeeping" points do not undermine Fogle's arguments on appeal

First, the Government is bothered by the fact that Fogle emphasizes on appeal that his sentence "exceeds the maximum sentence agreed to" by the Government. (Id.) Second, the Government claims that Fogle used "cherry-picked and out of context glosses" of its quotes from the sentencing hearing to demonstrate that the District Court erred by "consider[ing] uncharged conduct" in sentencing Fogle. (Id. at 17 & n.3.)

As for the District Court exceeding the maximum sentence agreed to by the Government, the Government should be just as bothered about it as Fogle. As Fogle noted in his opening brief, our system of plea bargaining is a delicate process based upon notions of trust and fairness. This was a very high profile case. The maximum 151-month sentence agreed to by the United States Attorney and senior litigation counsel enabled the Government to put this case to rest in relative short order, with minimal cost, with the added benefit that everyone – including the victims – could immediately focus on healing and moving on with their lives out of the media spot-

light. In exceeding the agreed-to sentence by nearly three years, the District Court not only undermined our delicate system of plea bargaining but also placed the U.S. Attorney in the uniquely awkward position of defending a sentence on appeal that it simply could not have believed was a "fair resolution" of this case. (Tr. 171). Fogle was correct in raising and addressing this point in his brief.

As for the Government's second "housekeeping" point that Fogle supposedly used "cherry-picked and out of context glosses" of Government quotes from the sentencing hearing to demonstrate that the District Court erred by "consider[ing] uncharged conduct" in sentencing Fogle, (Gov't Br 17 & n.3), Fogle disagrees that he did anything but accurately quote the Government's rationale for its agreed-to 151 month sentence. (Appellant's Br. 18, quoting Tr. 171.) Moreover, Fogle's position is not "that the district court was not permitted to consider uncharged conduct." (Gov't Br. 17.) Fogle's argument is that he will be imprisoned for three years longer than the U.S. Attorney believed was "fair" because his sentence is based on acts "he didn't do," as well as his "fantasies," both of which are lawful acts that cannot form the bases for any criminal sentence. (Tr. 171.) Considering uncharged conduct is one thing; sentencing for it – when the conduct is lawful and not criminal – is reversible error. See United States v. Valle, 807 F.3d 508, 511 (2d Cir. 2015) ("Fantasizing about committing a crime, even a crime of violence against a real person whom you know, is not a crime."); Blakely v. Washington, 542 U.S. 296, 302-303 (2004) (Sixth Amendment only authorizes a sentencing court to punish for the specific offense that has been established).

### B. The Government misconstrues Fogle's procedural arguments

In his opening brief, Fogle contended that the District Court's sentence was procedurally flawed in three respects. (Appellant's Br. 18-25.) First, Fogle did not plead guilty to the production of child pornography, yet the District Court did not adequately explain that Fogle was not sentenced for it in the context of a record that aptly demonstrates that the Court was influenced by the relationship between Fogle and Taylor, the producer of the child pornography at issue in this case. (Id. at 19-21.) Second, the District Court's enhanced sentence is erroneously grounded in acts that Fogle "didn't do" and in Fogle's "fantasies," neither of which should have formed the bases for an above-Guidelines sentence that also exceeds the Government's agreed sentence. (Id. at 21-23.) And third, the District Court's enhanced sentence is erroneously based on Fogle collecting and viewing pornography of children as young as six years old. (Id. at 23-25.)

#### (1) The District Court did not adequately explain that Fogle was not sentenced for the production of child pornography

This Court has recognized that it is procedural error for a district court to sentence "based on clearly erroneous facts" or fail "to adequately explain the chosen sentence." United States v. Scott, 555 F.3d 605, 608 (7th Cir. 2009). Fogle stands by his opening argument that under the unique facts of this case – specifically, the close relationship between Fogle and Taylor, the lone producer of child pornography – that the District Court judge "did not adequately explain that Fogle was not sentenced" for the production of child pornography. (Appellant's Br. 19.)

The Government disagrees that the District Court actually sentenced Fogle for Taylor's production conduct. (Govn't Br. 19: title to subpart I.B.3.) According to the Government, "Fogle's argument depends on misinterpretations of what the judge said at various points during the hearing," specifically, when "the judge discussed production, it was to indicate her view of the unusual circumstances of Fogle's conspiracy to receive and distribute from and with Taylor, not to loop him into a production charge." (Gov't Br. 20.) Fogle is not just arguing that he was likely looped into a production charge. He also simply does not know if that occurred based on the District Court's stated reasoning. Because when a judge explains that her above-Guidelines/above-Government-agreed sentence is based in part on an individual's failure to stop the production of child pornography, it is reasonable to assume that the enhanced sentence is moored in a production-based offense. (Appellant's Br. 20-21.) The Government's sweeping "'nature and circumstances' of the offense" argument would allow a judge to justify a sentence for any conduct, even lawful conduct. (Gov't Br. 21.)

The Government also contends that the District Court's reasoning on balance established that "she viewed Fogle's case not as a child pornography production case but as a particularly egregious example of a conspiracy to receive and distribute child pornography." (Gov't Br. 22-23.) That may be the case, but the District Court did not adequately explain it as such. This becomes apparent when one realizes that the "distribution" charge is based on an isolated private showing of a thumb drive to <u>one</u> person (Tr. 157-158), soon after which Fogle discarded it. (App. 80); (PSR,

[Dkt.#41] at 8). It was reversible procedural error for the District Court to sentence Fogle based on a production-related offense and for also failing to adequately explain the chosen sentence was not based on the same facts. See Scott, 555 F.3d at 608.

**(2) The District Court's sentence is erroneously grounded in acts that Fogle "didn't do" and in Fogle's "fantasies"**

Next, the Government contends that the District Court did not enhance Fogle's sentence for things he did not do or his fantasies. (Gov't Br. 23.) Fogle disagrees. In this section of its brief, the Government claims that Fogle lumped together "two sets of facts" with the result that "his argument seems stronger than it actually is." (Id.) According to the Government, the "first category" consists of "telephone conversations" that the Government agrees contain fantasy discussions. (Id.) The Government then discusses a "second category," consisting of Fogle's unsuccessful attempts to have sex with young children. (Gov't Br. 24.) According to the Government, the fact that "Fogle 'never acted upon' this second category of activities [i.e., his unsuccessful attempts] does not make them 'fantasies.'" (Id.) That may be true, but it also does not convert these unsuccessful attempts into criminal conduct that justifies an above-Guidelines sentence that also exceeds the Government-recommended maximum sentence. And these unsuccessful attempts to have sex with young children played an undeniably "important" role in the District Court's sentencing decision, (Gov't Br. 32), as the Government acknowledges in a later statement in its brief. (Id.) In fact, the District Court felt so strongly about it that the Court provided this reason as the basis for its above-Guidelines variance.

(Statement of Reasons, [Dkt.#79] at page 3: "For several years, Defendant was obsessed with having sex with minors and offered minor and adult prostitutes finder's fees for younger children with whom he could have sex.").

In any event, Fogle did not "lump" these categories of facts together but instead clearly distinguished the two in arguing that an enhanced sentence based on either category was reversible error. (Appellant's Br. 23) ("Accordingly, the District Court' sentence amounts to reversible procedural error in that it is based on clearly erroneous facts of [1] Fogle's fantasies ***and*** [2] requests to third parties which were ultimately never acted upon by Fogle.") (emphasis added). Fogle's argument is still "strong[]." (Gov't Br. 23.) The District Court clearly believed that his fantasies about having sex with young children played a role in Fogle's unsuccessful requests to third parties that he never acted upon. (Tr. 178: "This defendant was obsessed with child pornography and having sex with minors. He fantasized about in it telephone conversations. He frequently expressed his desire to have sexual relations with children. He acted on it when he sought out and traveled to have sex with minors."). And neither "category" of facts should have formed the basis for an above-Guidelines sentence that also exceeded the Government's agreed maximum sentence. See Valle, 807 F.3d at 511 ("Fantasizing about committing a crime, even a crime of violence against a real person whom you know, is not a crime."); Blakely, 542 U.S. at 302-303 (Sixth Amendment only authorizes a sentencing court to punish for the specific offense that has been established). Accordingly, the District Court'

sentence amounts to reversible procedural error. See Scott, 555 F.3d at 608; accord (Tr. 178, 182-183).

**(3) The District Court punished Fogle for collecting and viewing pornography of children as young as six years old**

The Government's final response to Fogle's contentions of procedural error concerns the District Court's enhanced sentence based upon evidence of pornography depicting a six-year-old. (Gov't Br. 25-28.) The Government misunderstands Fogle's argument.

Fogle does not dispute the fact that he received and distributed this material – on one occasion – that happened to contain images of a six-year-old. (Appellant's Br. 23-25.) Fogle's point is that the District Court believed that Fogle affirmatively "collected child pornography through the internet," some of it including "unidentified victims … as young as six years old." (Tr. 181.) That is not the case. Taylor gave Fogle the thumb drive that contained the images of the six-year-old, Fogle did not collect it from the internet, and Fogle soon discarded it. Regardless of what the Government argues, it is apparent from the transcript that the District Court believed that Fogle should be punished above the Guidelines for seeking and viewing child pornography containing "unidentified victims … as young as six years old." (Tr. 181.) The District Court's finding in this regard is factually incorrect and amounts to reversible procedural error. See Scott, 555 F.3d at 608.

## II. The District Court's Above-Guidelines Sentence Is Substantively Unreasonable

The Government begins this portion of its brief contending that the "record makes abundantly clear … why a 188-month sentence was reasonable in this case." (Gov't Br. 28.) But that begs the question of what did the District Court know that the U.S. Attorney did not know when the Government earlier agreed to a maximum sentence? In other words, what inspired the District Court to sentence Fogle for three years longer than the Government thought appropriate? With due respect to the District Court, it is Fogle's contention that the Court substituted its penal philosophy for that of the Sentencing Commission and did so on a record that does not provide an adequate explanation for it. (Appellant's Br. 25-26: citing the standard of review). The Government's brief does not adequately insulate the District Court from Fogle's claim of substantive error.

### A. The Government largely ignored Fogle's arguments

In his opening brief, Fogle advanced a number of reasons why the District Court substantively erred in sentencing Fogle to 188 months in prison. First, Fogle contended that the District Court did not provide an adequate explanation of its above-Guidelines sentence; specifically, the District Court's discussion of Fogle's history and characteristics supported a downward deviation, not an upward deviation. (Appellant's Br. 27-28.) Fogle also argued that the District Court's recitation of the fact that Fogle committed a "sex act" as a basis to issue an above-Guidelines sentence was flawed because this fact was already used as an initial basis for a 2-level sentencing enhancement on Count II. (Id. at 28-30.) Fogle likewise contended

that the District Court noted that the "distribution" element of Count I was based upon a *single* act of distributing child pornography, which (again) supported a downward deviation from the Guidelines, not an upward deviation. (Id. at 31.) Another factor the District Court relied upon to enhance Fogle's sentence was the Government's position as it concerned the expert witnesses who testified at the sentencing hearing concerning Fogle's diagnosis of hypersexuality and pedophilia, and whether Fogle would respond well to medication and treatment. (Id.) But, as Fogle noted, the Government's *plea agreement* was based upon a consideration of the opinions of these expert witnesses, so it could not support a sentence that *added* over three years to that *agreed* sentence. (Id.) Fogle also argued that he was seemingly punished for seeking treatment following his arrest, but this makes no sense. (Id. at 31-32.) Finally, Fogle discussed the District Court's rejection of the probation officer's recommendation for a downward variance based upon Fogle's notoriety and the additional stress that he will endure based upon that notoriety, likening Fogle to Jerry Sandusky, a convicted serial child molester. (Id. at 32.) Fogle stands by his opening arguments and that they establish a basis to remand for re-sentencing.

The Government does not really address Fogle's arguments in defending the District Court's 188-month sentence and instead bullet-points a number of facts that the U.S. Attorney was fully aware of concerning Count I when he agreed to the Government's agreed maximum recommended sentence of 151 months. (Gov't Br. 29-30.) The disparity in these positions – over three years – without independent reasoning to justify the disparity does not "promote the perception of fair sentenc-

ing." United States v. Omole, 523 F.3d 691, 697 (7th Cir. 2008) (internal quotations omitted).

In an attempt to demonstrate that the District Court "provided independent reasons justifying a very high sentence in connection with Fogle's" sentence as it concerned Count II, (Gov't Br. 30-31), the Government cannot avoid discussing the District's Court's reliance on facts that should not have formed the basis for any criminal charge, let alone an above-Guidelines sentence. (Gov't Br. 30: noting the District Court's discussion of Fogle's "obsession with having sex with minors" and bullet-pointing Fogle's unsuccessful efforts "to engage in commercial sex acts with underage minors"); id. at 31 (emphasizing in the first and third bullet points his unsuccessful efforts to convert his fantasies into realities). But that is really the only material basis on this record for justifying the District Court's departure from both the Guidelines and the Government's agreed maximum sentence, that is, the District Court's disapproval of Fogle's fantasies about sex with young children and his unsuccessful attempts to act on them. The Government correctly chose not to factor those fantasies and unsuccessful attempts into its plea-bargained agreement, (Tr. 171), while the District Court did so in sentencing Fogle. (Gov't Br. 30-31.) That is reversible error.

The Government also essentially ignored Fogle's argument under United States v. Bradley, 675 F.3d 1021, 1024-26 (7th Cir. 2012), that the District Court's recitation of the fact that Fogle committed a "sex act" as a basis to issue an above-Guidelines sentence was flawed because this fact was already used as an initial ba-

sis for a 2-level sentencing enhancement on Count II. (Appellant's Br. 28-30.) The Government's only material response is to claim that Fogle "can make that analogy only by ignoring almost the entire record of the sentencing hearing." (Gov't Br. 32.) Not so. Fogle makes the argument under Bradley because a reason provided by the District Court to justify its above-Guidelines sentence – the commission of a "sex act" – was "already factored into the properly calculated guidelines range." Bradley, 675 F.3d at 1026.[1] The District Court presumably meant what it said. And Bradley holds that this is reversible error.

### B. The District Court's dislike of Fogle's unsuccessful attempts to transform his fantasies into realities is not a sentencing justification

Ultimately, this Court "will uphold an above-guidelines sentence so long as the district court offered an adequate statement of its reasons, consistent with 18 U.S.C. §3553(a), for imposing such a sentence." Bradley, 675 F.3d at 1024-25. However, this Court has also warned that "an individual judge should think long and hard before substituting his [or her] personal penal philosophy for that of the Commission." United States v. Higdon, 531 F.3d 561, 562 (7th Cir. 2008).

The District Court was clearly upset by Fogle's obsession with child pornography, as well as by his unsuccessful attempts to turn his fantasies about young children into reality but those are not legitimate bases to punish Fogle with any sentence, let alone an enhanced sentence. See Valle, 807 F.3d at 511 ("Fantasizing about committing a crime, even a crime of violence against a real person whom you

[1] The same argument applies to the District Court's discussion of Fogle's use of a computer. Compare (Appellant's Br. 29-30), with (Gov't Br. 32).

know, is not a crime."). And the Government's choice to ignore the bulk of Fogle's arguments on substantive error, (Gov't Br. 33), is not really that surprising when the Government never believed that an above-Guidelines sentence was appropriate or "fair." (Tr. 171.) By way of example, the Government's brief criticism of Fogle for claiming "credulity at the judge's analogy [of Fogle] to Jerry Sandusky," (Gov't Br. 33), a convicted serial child abuser and molester, is simply inexplicable, so the Government does not try to explain it. After all, there is no explanation for comparing Fogle to someone who serially molested children, except to acknowledge that it is inappropriate and cannot "promote the perception of fair sentencing." Omole, 523 F.3d at 697.

## CONCLUSION

For the foregoing reasons, the District Court abused its discretion in sentencing Fogle for a period that exceeds the Guidelines on a record that does not support such a deviation. This Court should reverse and remand for resentencing with appropriate instructions to the District Court.

Respectfully submitted,

s/Ronald E. Elberger
Ronald E. Elberger, #6675-49
[*Counsel of Record*]
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5195 / (317) 223-0195 (FAX)
relberger@boselaw.com

*Attorney for Defendant-Appellant*
*Jared S. Fogle*

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(A)(7)

The undersigned furnishes the following in compliance with Fed. R. App. P. 32(a)(7):

I hereby certify that this Brief conforms to the rules contained in Fed. R. App. P. 32(a)(7) for a brief produced with a proportionally spaced font, specifically in this case, Century style font in 12 point type. The length of this Brief is 3,352 words. This word count was calculated by Microsoft® Office Word 2010 and according to the Fed. App. P. 32(a)(7) does not include the Cover, Table of Contents, Table of Authorities, Signature Block, Certificate of Service and this Certificate of Compliance with Fed. App. P. 32(a)(7). This word count does include any headings, footings, and quotations but does not include embedded images.

I affirm under the penalties for perjury that the foregoing statements are true and correct as calculated by the word count of the word processor used to prepare this petition.

Dated: May 2, 2016

*s/Ronald E. Elberger*
Ronald E. Elberger

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically on May 2, 2016. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Steven D. DeBrota
Steve.debrota@usdoj.gov

Bob Wood
bob.wood@usdoj.gov

*s/Ronald E. Elberger*
Ronald E. Elberger

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
317/684-5195
317/223-0195 fax
relberger@boselaw.com

2987831.dt4