# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 15-3770

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JARED S. FOGLE,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:15-cr-00159 — **Tanya Walton Pratt**, *Judge*.

ARGUED MAY 20, 2016 — DECIDED JUNE 9, 2016

Before FLAUM and MANION, *Circuit Judges*, and ALONSO, *District Judge*.[*]

FLAUM, *Circuit Judge*. In August 2015, Jared Fogle pled guilty to two counts of conviction for offenses involving the distribution and receipt of child pornography, as well as travel to engage in illicit sexual conduct with a minor. The

---

[*] The Honorable Jorge L. Alonso, United States District Court for the Northern District of Illinois, sitting by designation.

district court imposed an above-guidelines sentence of 188 months in prison on each count, to be served concurrently. Fogle appeals his sentence, alleging that the district court committed procedural and substantive errors. Because the district court did not err in imposing an above-guidelines sentence, we affirm.

## I. Background

In 2015, the Indiana State Police Cybercrime Section received a tip that Fogle's close friend and employee, Russell Taylor, had sent text messages expressing a sexual interest in children. Subsequently a search warrant was obtained for Taylor's home and electronic devices. It was discovered that, between March 2011 and April 2015, Taylor had produced child pornography using secret cameras he had set up in his residence.

The Taylor investigation led law enforcement officials to Fogle. Taylor worked for Fogle's charitable foundation and the two men met and traveled together frequently. The authorities discovered that Fogle was aware of Taylor's child pornography production. Fogle also knew personal information about the children depicted in the pornography. In some instances, Fogle had met the child victims at social events with Taylor and his family.

Law enforcement officials then executed a warrant to search Fogle's home and devices. They found two images of child pornography on Fogle's phone that Fogle had received from Taylor. Additionally, data analysis revealed that Taylor had often given Fogle his laptop computer on trips so that Fogle could view the child pornography contained therein. The investigation also showed that Taylor had given Fogle a

thumb drive containing child pornography. Altogether, Fogle had received images and videos from Taylor's homemade collection as well as Taylor's collection of commercially obtained child pornography. Some of the victims were as young as six years old. Fogle never reported Taylor to law enforcement.

The investigation also connected Fogle to two victims of child prostitution. Fogle had engaged in commercial sex acts with two minors, ages sixteen and seventeen, in New York City. Moreover, text messages and emails revealed that Fogle had repeatedly found adult escorts through the internet, developed relationships with them, and offered them finder's fees to provide him with access to minors for commercial sex. He did this in various cities, including Richmond, Virginia; Kansas City, Missouri; and Las Vegas, Nevada.

On August 19, 2015, Fogle was arrested. He was charged with distributing and receiving, as well as conspiring to distribute and receive, child pornography, in violation of 18 U.S.C. § 2252(a)(2), and traveling and attempting to travel to engage in illicit sexual conduct with a minor, in violation of § 2423(b) and (e). Fogle waived an indictment by a grand jury and pled guilty. In exchange, the government agreed not to recommend a sentence greater than 151 months in prison. Fogle's advisory guidelines range was 135 to 168 months.

The district court sentenced Fogle on November 19, 2015. Fogle requested a sentence of 60 months in prison, while the government recommended 151 months. The district court explained that Fogle's conduct warranted an above-guidelines sentence and imposed 188 months in prison for each count, to be served concurrently. This appeal followed.

## II. Discussion

### A. Claims of Procedural Error

Fogle contends that the district court's sentence is procedurally flawed in three respects. First, he argues that the court was unduly influenced by his relationship with Taylor, who produced the child pornography. Second, he claims that the court based its sentence on his fantasies rather than his actual conduct. Third, he says that the court erroneously based the sentence on his acquisition and viewing of pornography depicting children as young as six years old.

We review de novo the procedural reasonableness of a sentence. *See United States v. Baker*, 755 F.3d 515, 522 (7th Cir. 2014). "To avoid procedural error, sentencing judges must correctly calculate the guidelines range, evaluate the factors in 18 U.S.C. § 3553(a), and rely on properly supported facts." *Id.* (citation and internal quotation marks omitted). Examples of procedural error that may warrant reversal include: "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [section] 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Scott*, 555 F.3d 605, 608 (7th Cir. 2009) (alteration in original) (citation and internal quotation marks omitted).

Fogle first argues that his sentence is based on clearly erroneous facts because the district court held him accountable for Taylor's production offenses. We disagree. As the government notes, the district court repeatedly clarified at sentencing that Fogle's conspiracy charge concerned the distribution

and receipt of child pornography, not production. The court did inquire about Taylor's production of child pornography, but, taken in context, these questions were highly relevant to the examination of the nature and circumstances of Fogle's conduct. § 3553(a)(1). There is no evidence in the record that the district court was confused about the facts or determined to punish Fogle for production, as Fogle alleges. Moreover, it is evident that the district court sentenced Fogle only for distribution and receipt: Fogle's base offense level would have been much higher had the district court treated him as a producer, and would have resulted in a greater sentence than that actually imposed. *Compare* U.S.S.G. § 2G2.1(a) (base offense level of 32 for production), *with* § 2G2.2(a)(2) (base offense level of 22 for distribution and receipt).

Fogle's second argument is that his sentence is erroneously based on fantasies and acts that he did not carry out. Specifically, Fogle asserts that even though he fantasized about and discussed with third parties his desire to have sexual contact with minors, these thoughts and conversations did not culminate in any chargeable criminal activity warranting a sentence enhancement.

We cannot accept Fogle's claim that the district court improperly enhanced his sentence based on "things he didn't do or for fantasies he may have had." Rather, the district court properly discussed Fogle's persistent attempts to find minors to have sex with in exchange for money as part of the § 3553(a) analysis. The district court also appropriately considered the perverse nature and circumstances of the offenses, including Fogle's "obsess[ion] with child pornography and having sex with minors," alongside ample evidence that Fogle repeatedly sought out and traveled to have sex with minors. *See*

§ 3553(a)(1). According to Fogle, such evidence forms the basis only for his conviction for traveling to engage in illicit sex with a minor, not for the determination that his conduct warranted an upward departure from the guidelines range. To the contrary, the district court correctly discussed such matters in evaluating the § 3553(a) factors and imposing an above-guidelines sentence. *See* § 3553(a)(2)(b), (c) (instructing the court to consider the need for the sentence imposed "to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant"); *United States v. Bradley*, 675 F.3d 1021, 1025 (7th Cir. 2012) (explaining that the district court may use the § 3553(a) factors to support an above-guidelines sentence).

Fogle's third and final procedural argument is that the district court erroneously based its sentence on his acquisition of child pornography through the internet, including images of victims as young as six years old. Fogle alleges that this finding is based on incorrect facts because he did not affirmatively collect the pornography from the internet or solicit it from Taylor. Instead, Fogle explains that Taylor gave Fogle the images, and then Fogle "'distributed' it in an isolated private showing to one person." Fogle argues that this conduct "does not amount to a contention that [he] actively sought, collected, and distributed images of six-year-olds" and thus should not have served as a basis for enhancing his sentence.

Fogle's attempt to diminish the conduct underlying his conviction for distribution is unavailing. The district court properly considered the fact that Fogle received and distributed pornography depicting a six year old. It is clear from the record—and Fogle did not dispute before the district court—that he received such material, viewed it, and distributed it to

another individual. He now tries to obscure this admission by claiming that he did not affirmatively ask for that particular material. Because there is no question that Fogle willingly received and distributed this material, the district court did not err by considering these specific details in assessing Fogle's sentence. *United States v. Castaldi*, 743 F.3d 589, 598 (7th Cir. 2014) (explaining that the sentencing judge may consider the "specific details of the individual case" in determining whether an upward adjustment to the guidelines calculation is appropriate).

In sum, Fogle's claims of procedural error lack merit and the district court's sentencing decision was procedurally sound.

### B. Claims of Substantive Error

Fogle next asserts that the district court substantively erred because it did not provide an adequate explanation for his above-guidelines sentence. We review the substantive reasonableness of a sentence for abuse of discretion. *Scott*, 555 F.3d at 608. In particular, we consider the district court's explanation for imposing the sentence. *Id.* The explanation "need not be exhaustive but it must be adequate to allow for meaningful appellate review and to promote the perception of fair sentencing. If the sentence imposed is outside the guidelines range, the district court must provide a justification that explains and supports the magnitude of the variance." *Id.* (internal citations and quotation marks omitted).

Fogle offers three arguments to show that the district court abused its discretion by imposing an above-guidelines sentence. First, he asserts that his history and characteristics do

not support an upward variance, but rather a downward deviation. Fogle references his stable upbringing, well-known role as a spokesman for a national restaurant brand, and lack of a criminal history as factors that the district court improperly used to enhance, rather than mitigate, his sentence.

Second, he contends—as he did in the course of his procedural claims—that the district court erroneously relied on conduct that formed the basis for his conviction for traveling to engage in illicit sex with a minor to support an upward departure from the guidelines range. He argues that because he already pled guilty to that offense, this conduct cannot also reasonably support a finding that the guidelines range insufficiently accounts for the scope of his conduct. Fogle therefore alleges that the district court engaged in improper double-counting and failed to provide a justification that supports his above-guidelines sentence.

Finally, Fogle attacks the district court's overall reasoning in imposing his sentence. He characterizes the district court's discussion as "puzzling" and claims that the various factors that the court relied upon cannot reasonably support an enhanced sentence. For instance, he alleges that an enhanced sentence is not warranted because he only engaged in "[o]ne single act" of distribution. He tries to downplay this conduct by claiming that it was a mere "technical" violation of the statute because he only showed the video to "one individual with whom [he] was then involved with romantically and it occurred in the confines of a locked hotel room."

Fogle's arguments regarding substantive error are unpersuasive in light of the deference "we must give … to the district court's determination that the § 3553(a) factors, taken as

a whole, justified the extent of the variance" from the guidelines range. *Scott*, 555 F.3d at 610. The district court provided a thorough explanation for its imposition of an above-guidelines sentence, which is all that was required. And contrary to Fogle's allegation of double-counting, the district court properly invoked the § 3553(a) factors and explained why the aggravated nature and circumstances of Fogle's offenses warranted a higher sentence for both counts. Specifically, the district court noted that Fogle knew that his employee was secretly videotaping minors yet never reported this to law enforcement, as well as the fact that Fogle repeatedly acted on his attraction to minors rather than limiting himself to fantasies. The court also discussed how Fogle's lack of a difficult upbringing failed to mitigate the circumstances of his conviction, and how his celebrity status could be viewed as both a mitigating and aggravating factor.

In light of the district court's sound exercise of discretion under the disturbing facts of this case, we uphold the above-guidelines sentence as substantively reasonable.

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit